UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTRO MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 3:25-cv-03449-DMS-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 1, 5]** |

Pending before the Court is Petitioner's petition for writ of habeas corpus ("Petition"), (Pet., ECF No. 1) and motion for temporary restraining order ("TRO Motion"), (ECF No. 5). Respondents filed an opposition, (Opp'n, ECF No. 6), and Petitioner filed a reply to both, (ECF No. 9). After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument. S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law). For the following reasons, the Court grants Petitioner's Petition and denies the TRO Motion as moot.

1

## I. BACKGROUND

Petitioner, a native of Mexico, entered the United States in 1987. (Pet. ¶ 2). On November 10, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner while he was walking to work. (*Id.* ¶¶ 25, 26). Petitioner alleges that he was arrested "without reasonable suspicion" and "because he looks Hispanic." (*Id.* ¶¶ 3, 28). Petitioner further alleges that an ICE agent told him he was arrested "for being here illegally," but "was not given a reason for his arrest, and he was not shown any warrant." (*Id.* ¶¶ 26, 28). Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled) and is currently in removal proceedings pursuant to 8 U.S.C. § 1229a. (Opp'n 1).

On November 21, 2025 and again on December 5, 2025, Petitioner was denied release from custody under bond per the recent Board of Immigration decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Pet. ¶ 4, Ex. C); (*id.* ¶ 5, Ex. D). Petitioner is still detained at Otay Mesa Detention Center. (*Id.* ¶¶ 22, 32).

The Petition asserts that Petitioner's detention violates the Immigration and Nationality Act ("INA"), the Fourth Amendment's protections against unreasonable search and seizure, and the Fifth Amendment's Due Process Clause. (*Id.* at 10–19). Petitioner requests a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody; alternatively, ordering Respondents to immediately release Petitioner from custody under reasonable conditions of supervision; or, alternatively, ordering Respondents to provide Petitioner with a prompt and individualized bond hearing under 8 U.S.C. § 1226(a). (*Id.*, Prayer for Relief, ¶¶ 4, 7, 8). Petitioner also requests an order enjoining Respondents from further detaining Petitioner. (*Id.*, Prayer for Relief, ¶ 5).

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.   DISCUSSION

### A.   Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Opp'n 6–10). The Court has previously considered and rejected this argument. *See Vasquez Garcia v. Noem*, --- F.Supp.3d ----, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025); *Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP, ECF No. 7, at 3–4 (S.D. Cal. Oct. 30, 2025). Based on the reasoning of those cases, the Court again rejects this argument.

### B.   Exhaustion

In a footnote, Respondents argue that the Court should "ensure Petitioner properly exhausts administrative remedies." (Opp'n 10 n.1). The Courts, as other courts have, that prudential exhaustion would be futile in light of the BIA's decision, *Yajure Hurtado*. *See Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025) (finding exhaustion would be futile in light of *Yajure Hurtado*); *Vasquez v. Feeley*, --- F. Supp. 3d ----, 2025 WL 2676082, at *10 (D. Nev. Sept. 17, 2025) (same).

### C.   Merits—INA's Detention Statutes

Petitioner argues that his mandatory detention under 8 U.S.C. § 1225(b)(2) is unlawful and that he instead falls under § 1226(a)'s discretionary detention framework. (Pet. ¶¶ 47, 49). Respondents maintain that Petitioner is properly detained under § 1225(b)(2). (*See* Opp'n 1). The Court agrees with Petitioner.

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Respondents

do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Opp'n 13–14). However, Respondents' understanding of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina v. Larose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), superfluous. Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Vasquez Garcia*, 2025 WL 2549431, at *6. "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been implicated in any crimes as set forth in Section 1226(c)*." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country." *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)).

Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2), and **GRANTS** the Petition.[1]  Because the Court has ruled on the Petition, the Court **DENIES** Petitioner's TRO Motion as moot.

### D.  Relief

Because § 1226(a) establishes a discretionary detention framework, there remains the possibility that Petitioner will be detained after a bonding hearing.  As such, the Court declines to immediately release Petitioner from custody.  Instead, the harm suffered—that Petitioner is not receiving a bond hearing under the proper statute—is remedied by ordering Respondents to conduct a bond hearing under § 1226(a) and enjoining Respondents from denying bond on the basis that Petitioner is detained under § 1225(b)(2).  *See Rodriguez*, 779 F. Supp. 3d at 1263.  Thus, the Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing pursuant to § 1226(a).

### IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition and **DENIES** the TRO Motion as moot.  The Court **ORDERS** Respondents to provide Petitioner with a bond hearing under § 1226(a) within **seven days** of the entry of this Order.  Respondents shall not deny Petitioner's bond on the basis that § 1225(b)(2) requires mandatory detention.  The parties are **ORDERED** to file a Joint Status Report within **ten days** of this Order's filing, confirming Petitioner received a bond hearing under § 1226(a).

**IT IS SO ORDERED.**

Dated:  December 16, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this determination, the Court declines to address Petitioner's arguments concerning the Fourth and Fifth Amendments.