UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTRO MARTINEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 3:25-cv-03449-DMS-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING RESPONDENT'S MOTION TO SEAL;**<br><br>**(2) SEALING EXHIBIT B to PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER; and**<br><br>**(3) DIRECTING PARTIES TO REVIEW DOCKET FOR FURTHER PRIVATE OR SENSITIVE INFORMATION**<br><br>**[ECF Nos. 5-3, 7, 8]** |

　　　On December 10, 2025, Petitioner filed, as Exhibit B to his motion for temporary restraining order, pages of his medical records from UCLA Medical Center. (ECF No. 5-3). On December 11, 2025, Respondents filed an opposition to Petitioner's petition for writ of habeas corpus and motion for temporary restraining order ("Opposition"). (ECF No. 6). Respondents same-day moved to file under seal and lodged an exhibit in support

of their Opposition. (ECF Nos. 7, 8). Specifically, Respondents seek to file under seal an excerpt from Petitioner's medical records from Otay Mesa Detention Center. (ECF Nos. 7, 8). The Court (1) grants Respondent's motion to file ECF No. 8 under seal and (2) orders, sua sponte, the sealing of Exhibit B to Petitioner's motion for temporary restraining order, ECF No. 5-3.

"There is a presumptive right of public access to court records based upon the common law and the first amendment." *Rashidiasl v. MEP (ESIS/ARCH/CHUBB)*, No. 23-CV-0325-GPC-DEB, 2025 WL 3241124, at *1 (S.D. Cal. Nov. 20, 2025) (citations omitted). "District courts in this circuit have concluded that the need to protect medical privacy qualifies as a compelling reason to seal records." *Id.* (citations omitted). "[S]ome courts have gone so far as to seal medical information *sua sponte*." *Id.* (citing *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011)). Because Respondents' lodged document is an excerpt from Petitioner's medical records, the Court finds there are compelling reasons to seal ECF No. 8. Accordingly, the Court **GRANTS** Respondents' Motion to Seal. For the same reasons, the Court **ORDERS**, sua sponte, the sealing of Exhibit B to Petitioner's motion for temporary restraining order, ECF No. 5-3. The Court **DIRECTS** the Clerk of Court to seal ECF No. 5-3 (Exhibit B to Petitioner's TRO Motion) and ECF No. 8.

Additionally, the Court is concerned that other docket items, currently publicly available, may also contain private or sensitive information.[1] Therefore, the Court further **ORDERS** the Parties to review the docket items to determine whether other documents contain private or sensitive information, such that the documents should be withdrawn and refiled with redactions or, alternatively, sealed. The Parties shall review the docket items and take any appropriate actions, including but not limited to moving to seal select documents, within **fourteen days** of entry of this Order.

---

[1] Specifically, the Court has concerns that several documents reveal the birthdates of third parties. *See* Fed. R. Civ. P. 5.2(a).

**IT IS SO ORDERED.**

Dated:  December 16, 2025

_____
Hon. Dana M. Sabraw
United States District Judge